# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES M. STAR,

    **Plaintiff,**

v.                                                    Case No. 15-cv-410

CAPTAIN WILLIAM DUCKERT, et al.,

    **Defendants.**

## SCREENING ORDER

Plaintiff Charles Star, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. (Docket #1.) On June 25, 2015, I screened plaintiff's complaint, ordering that he could proceed on specified claims against certain defendants in their personal capacities; however, I ordered that plaintiff's complaint did not state claims against any defendants in their official capacities. (Docket #10 at 5.) On June 17, 2015, plaintiff filed a "Supplement to Original Complaint" with four paragraphs that plaintiff requested I add to his original complaint so as to allow him to state claims against defendants in their official capacities.

Rule 15(d) of the Federal Rules of Civil Procedure empowers a court, upon a party's motion, to permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the original pleading. The rule does not, however, permit a party to tack on paragraphs to an original pleading in an attempt to cure the deficiencies identified by the court, which is what plaintiff is trying to do here. As such, I will deny plaintiff's motion to supplement his complaint.

Regardless, even if plaintiff were permitted to supplement his complaint for this purpose, the four paragraphs that plaintiff seeks to add do not cure the deficiencies I identified in connection with his attempt to sue defendants in their official capacities. The four paragraphs contain nothing more than labels and legal conclusions, which are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. Allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff has not satisfied this standard, so even if these proposed paragraphs were properly before me, I would not allow plaintiff to proceed with his claims against defendants in their official capacities.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to "Supplement to Original Complaint" (Docket #12) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 4th day of August, 2015.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge