UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES M. STAR,

      **Plaintiff,**

  v.                                     Case No. 15-cv-410

**CAPTAIN WILLIAM DUCKERT, et al.,**

      **Defendants.**

## ORDER

Plaintiff Charles Star, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. On September 11, 2015, I entered a scheduling order setting a discovery deadline of December 7, 2015, and a dispositive motion deadline of January 8, 2016.

On December 7, 2015, defendants filed a motion to dismiss based on plaintiff's failure to prosecute the case, which they argue is demonstrated by his failure to respond to their discovery requests. Alternatively, they ask that I compel plaintiff to respond to their discovery and stay the scheduling order. On December 9, 2015, plaintiff filed a motion requesting an extension of time. He explains that he "has been struggling with school and state court deadlines, suffers from attention deficit disorder, and has also been struggling to learn to file and complete discovery and dispositive motions . . . ." (Docket #25 at 1.) However, he also explains that he "has completed school and is in a better possition [sic] to apply himself further on current deadlines, and [he] is receiving assistance from other

prisoner[s] in preparing and fullfilling [sic] discovery and interogatory [sic] requests." (Id. at 2.)

It is clear to me that plaintiff desires to pursue his lawsuit, so dismissing the case for lack of diligent prosecution is not yet warranted. Defendants point out that, while plaintiff's pro se status allows him the benefit of some procedural protections, he is not entitled to a general dispensation from the rules of procedure or court imposed deadlines. See Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1994) (citations omitted). I agree, but I find plaintiff's explanation for his failure to timely respond to defendants' discovery requests to be credible, and I trust, based on his representations, that he is in a better place now to follow the applicable procedural rules and my orders.

To that end, I grant defendants' request that I compel plaintiff to respond to their discovery requests, and I also grant plaintiff's request for additional time to do so. Plaintiff shall respond to defendants' discovery requests within **twenty-one days** of this order, or he shall face the possibility that his case will be dismissed for lack of diligent prosecution pursuant to Local Civil Rule 41(c) (E.D. Wis.). In addition, I extend the discovery deadline to **February 8, 2016**, and the dispositive motion deadline to **March 8, 2016**.

Plaintiff also asks that I appoint counsel to represent him. He states that the issues in his case are complex, he has limited access to the law library, and he has limited knowledge of the law. I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure

private counsel on their own.  Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  In this district, courts require a plaintiff to provide the names of at least three attorneys they have contacted, as well as the dates of contact and, if possible, any responses received from the attorneys.  Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it."  Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655).  This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions."  Id.

Here, plaintiff has not satisfied the first step in the process described above.  While plaintiff suggests attorneys that he would like me to recruit, he does not indicate that he has requested the assistance of these (or any other) attorneys.  I will not consider plaintiff's request until he demonstrates a reasonable effort to secure counsel on his own.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss for lack of prosecution (Docket #22) is **DENIED** in part and **GRANTED** in part.  Plaintiff shall respond to defendants' discovery requests within **twenty-one days** of this order.  If plaintiff fails to timely respond to defendants' discovery requests, the court may dismiss plaintiff's lawsuit for failure to prosecute pursuant to Local Civil Rule 41(c).

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #25) is **GRANTED**.  The parties shall complete discovery by **February 8, 2016**, and shall file dispositive motions by **March 8, 2016**.

**IT IS ALSO ORDERED** that plaintiff's motion for the appointment of counsel (Docket #25) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2015.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

4

Case 2:15-cv-00410-LA   Filed 12/15/15   Page 4 of 4   Document 27