UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHARLES M. STAR**,

      Plaintiff,

v.                                                        Case No. 15-CV-410

**WILLIAM DUCKERT, et al.**,

      Defendants.
_____

## ORDER

This matter is currently before me on plaintiff's motion to compel. On September 9, 2015, I entered a scheduling order, setting a discovery deadline of December 7, 2015. On November 2, 2015, plaintiff electronically filed his first set of interrogatories and production of documents. (Docket #21.) Defendants served their response on December 2, 2015. On December 15, 2015, at plaintiff's request, I extended the discovery deadline to February 8, 2016.

On February 11, 2016, plaintiff filed a motion to extend the discovery deadline and a motion to compel discovery. I denied plaintiff's motion to compel because he did not first confer with defendants in an attempt to resolve the dispute without my involvement. I extended the discovery deadline to March 18, 2016, to allow plaintiff time to confer with defendants. Plaintiff did not confer with defendants until March 14, 2016, when he mailed them a letter. His letter "clarified" his November requests (which defendants had timely responded to) and included three new requests. Defendants responded to plaintiff's letter on March 24, 2016, stating that they would supplement

their previous responses, if necessary, by a certain date. They also refused to respond to the three new requests because they were untimely.

On March 24, 2016, plaintiff asked me to again extend the discovery deadline. He explained that he had tried to confer with defendants following my February order, but his attempts were delayed because he had to wait for his institution to process his request for additional envelopes. He stated that, because of this delay, he did not believe defendants would have sufficient time to respond to his requests. I granted plaintiff's request and extended the discovery deadline to April 29, 2016, but I cautioned plaintiff that would be the final extension.

On April 6, 2016, plaintiff filed the motion to compel currently at issue. Plaintiff argues that defendants did not adequately respond to his November requests after he clarified them in March and that they never responded to the additional requests included in his March letter. Defendants responded to the motion on April 22, 2016, and explained that plaintiff's analysis is incorrect. They argue that they timely responded to the November requests in December and that plaintiff did not alert them to alleged deficiencies in their objections and responses until just before discovery was set to close in March. They also explain that in March they told plaintiff they would supplement their December responses based on his clarifications, if necessary, and that they would not respond to the new requests because they were served just a few days before the close of discovery and therefore were untimely. Finally, they state that, because I extended the discovery deadline a final time to April 29, 2016, they now intend to supplement their December responses and respond to the new requests by April 29, 2016.

On May 4, 2016, plaintiff replied in support of his motion to compel discovery and stated, "Defendants still have yet to comply with no(s) 1, 2, 4, 5, 7, 8, 9, and 10 of Plaintiff's Discovery request . . . . The Defendants have only partially complied with no(s) 3 & 6." I do not agree with plaintiff's characterization. First, after reviewing defendants' December responses, I conclude that, based on the original wording of the requests, their objections were valid. I also note that, despite it being unclear in many instances what exactly plaintiff was seeking or why such information is relevant to his claims, defendants provided information and documents subject to their objections. Second, plaintiff waited more than three months before he conferred with defendants about his concerns with their objections and responses to his discovery requests. While I understand that circumstances outside of plaintiff's control may have contributed to the delay, this does not excuse the fact that plaintiff's supplemental requests were untimely and therefore defendants were within their rights to refuse to respond to them. Finally, because I extended the deadline for a third time, defendants have stated that they will both supplement their December responses and respond to the new March requests.

As of May 4, 2016, plaintiff states that defendants still had not answered his requests to his satisfaction, but he does not clarify whether defendants did not respond on April 29, 2016, as they indicated they would or whether he just continues to be dissatisfied with the information defendants provided. Given defendants' assurances that they would respond to plaintiff by April 29, I assume it is the latter. If so, I remind plaintiff that defendants cannot produce information they do not have and just because he does not like a response does not mean a response is improper or insufficient.

3

At this time, based on my review of plaintiff's requests and defendants' responses, I will deny plaintiff's motion to compel without prejudice. I urge plaintiff to carefully consider the updated responses defendants made on April 29, 2016. If he continues to have *specific* issues with a response, he may renew his motion within fourteen days of this order and articulate why he believes a particular response is insufficient. Should he choose to do so, he must include the request, the response, and all documents provided by defendants in support of that response, so that I can fully evaluate plaintiff's argument. Plaintiff should not rely on conclusory or vague statements about why a response is insufficient. His arguments should be precise so that I can understand exactly why he believes a given response is deficient.

Finally, I note that if a party desires to file a dispositive motion, it must do so by May 31, 2016. Given how long this case has been pending, I will not revise this deadline.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to compel (Docket #35) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

4